UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

Genna VanderWeele,                 File No.

 Plaintiff,                           Hon.

v.

APPLE, INC., AND FRANK HILL,
INDIVIDUALLY AND PERSONALLY.

     Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Genna VanderWeele by and through her attorneys, Pinsky, Smith, P.C. hereby represents:

### A. Nature of Proceedings

Plaintiff was an employee of Defendant Apple and brings this action to recover damages from violations of Title VII of the Civil Rights Act of 1964, as amended, the same being 42 U.S.C. §2000 (e), et. seq., and the Elliott Larsen Civil Rights Act for discrimination based on sexual harassment, gender discrimination, and retaliation.

## B. Jurisdiction

1. Jurisdiction of this action is based on Title VII of the Civil Rights Act of 1964, as amended, the same being 42 U.S.C. §2000 (e), et. seq.

2. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

3. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. §1392(a).

## C. Statutory Prerequisite

4. All conditions precedent to jurisdiction of Section 706 of the Title VII, 42 U.S.C. §2000(e-5) (f)(3) have occurred and been complied with, to wit:

   a. Charges of employment discrimination based on sexual harassment and constructive discharge filed with the Equal Opportunity Employment Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR") within 300 days of the commission of the continuing unlawful employment practices alleged herein;

   b. A notification of Right to Sue was received from the EEOC on or about July 13, 2023, regarding Plaintiffs' claims. (Exhibit "A")

   c. This Complaint has been filed within the 90-days of receipt of the notification of the Right to Sue on Plaintiffs' Claim.

### D. Parties

5. Plaintiff Genna VanderWeele is a resident of Kent County, Michigan, and resides in the Western District of Michigan.

6. Plaintiff was employed by Defendant Apple for over eight (8) years, her last position being Store Manager of the Eastwood Towne Center Mall.

7. Defendant Apple is a corporation organized under the laws of the State of California, having locations around the Country and the world. The branch where Plaintiff was employed is located in Lansing Township, County of Ingham, in the Western District of Michigan.

8. Defendant Frank Hill became Plaintiff VanderWeele's District manager in 2021 and was her employer for all purposes under the relevant statutes.

9. Plaintiff was constructively discharged, and she left in April of 2023.

### FACTS

10. Plaintiff incorporates all prior paragraphs as if set forth herein. Plaintiff began at Defendant Apple in 2014 as a Senior Manager and was promoted in October of 2015 to Store Manager. Plaintiff was an excellent employee and manager by all counts; received excellent reviews, and worked well with her male and female colleagues.

11. Defendant Frank Hill became Plaintiff's District Manager in 2021. Within the first couple visits to Plaintiff's store, Hill began making inappropriate comments about Plaintiff's body and pregnancy.

12. Defendant Hill's comments ranged from walking by Plaintiff, pointing at her pregnant belly and stating that he thought, "there's a little Frankie in there," to commenting on what she ate and how big she was. He remarked to her that she was not going to fit through the door soon. Hill brought her into a meeting with just him, stating that Plaintiff's husband must be disappointed that she wasn't on maternity leave yet, and that she should consider going on leave sooner. She responded that she would take leave when she needed to and that it was her decision.

13. When Plaintiff would respond to such comments with "that is not acceptable to say" or "that is not appropriate" Defendant Hill would reply to Plaintiff to lighten up, that it was "just a joke" or "don't make this weird."

14. Defendant Hill also made it a point to say to, and in front of, Plaintiff and other employees that he had close relationships with David Shaw and Jen Clifford from Human Resources and that he was friends with them. He mentioned when he went out to drinks or dinner with David Shaw, and let it be known that he and Shaw were friends before Hill moved into the Detroit market, and said that he had Jen Clifford "in his back pocket."

15. Defendant Hill also made similar sexually inappropriate comments to other women and pregnant women specifically. He made the "little Frankie in there" comment to another pregnant employee. During a store leader conference call in October of 2021, Plaintiff talked through the

backfill options for her maternity leave. Soon thereafter, another female store leader announced her pregnancy. Hill remarked to all that no one else better become pregnant, and he later made a comment to a female manager that she had "pregnant mamma hair."

16. Plaintiff could not complain about Defendant Hill's behavior at this time as she feared retaliation and worried she would not be taken seriously by HR given the relationships and the fact that it was rumored that others had made similar complaints about him before in other markets.

17. Toward the end of Plaintiff's maternity leave – in which she had a serious health complication she was dealing with – Defendant Hill asked her several times why she wasn't coming back work sooner. Plaintiff sent consistent communication to Hill regarding her return-to-work date, along with all relevant documentation. When she returned to work, her second day back, Defendant Hill stated to her, "there are no more pregnancies in your future, right?" He also questioned more than once, "Why did it take you so long to come back?"

18. When Plaintiff needed to pump while she was at work, as there was no room made available at the Apple store, she had to go to her car in the parking lot to do so.

19. During a store visit that summer, Defendant Hill had two cell phones out and he was handling both. When Vanderweele asked him why he had

5

two cell phones, he remarked that one was his "ho" phone for "important" people. He then stated that if he gave her the number to the "ho" phone, she would be divorced soon.

20. Defendant Hill regularly stated to Plaintiff that she needed to be "loyal" to him and earn his trust. He asked her to keep information from her peers and other leaders to show that loyalty and trust. She was uncomfortable with this and didn't really understand it.

21. Defendant Hill continued commenting on Plaintiff's body and appearance – including telling her she should be on the cover of a magazine and that her jeans fit her very well. During one conversation with others, when they were on a visit together, Hill put his arm around Plaintiff's hips and pulled her to him. She moved herself back to where she was standing prior to this.

22. Plaintiff VanderWeele had been hearing from other female employees and store managers that they were uncomfortable with Defendant Hill and were upset by his sexist comments over recent months.

23. After he made a sexist comment about how a Starbucks employee and how short her skirt was in front of Plaintiff and another manager, it was the last straw.

24. Plaintiff VanderWeele filed a complaint with HR on October 27, 2022. Upon information and belief, other female employees complained

6

about Defendant Hill during that same time frame and on similar happenings.

25. When Plaintiff complained, she asked that the Complaint not go to David Shaw, who was Defendant Hill's friend and to divert it to someone else in HR. Soon after her complaint, David Shaw responded directly to her to talk about the complaint.

26. When the investigation continued, HR rep Kathi Olsen responded and asked Plaintiff questions. VanderWeele was interviewed verbally two times and was never asked to make a written statement. She gave the information stated above, and additional information and details as well.

27. After Plaintiff complained, Defendant Hill became more aggressive with her and yelled at her from time to time. He continued to make inappropriate comments to her and others. He excluded her from matters involving her store and directed her not to speak with HR personnel regarding matters that affected her store and her employees. He refused to give Plaintiff time off she had requested, though he granted time off for others.

28. Vanderweele emailed additional complaints about Defendant Hill's behavior to Kathi Olsen in December of 2022.

29. In early January 2023, Plaintiff became aware of the results of the investigation of her complaint. The company found that while Frank Hill had been inappropriate (not clear what the company found inappropriate),

7

that it was not gender related nor sexual harassment. The Company did not disclose what, if any, discipline was issued or carried out by the company. Plaintiff requested a summary of the findings, and was told she could not have any documentation.

30. Plaintiff was told by HR that she needed to continue to work with Frank Hill. Plaintiff said she was very disappointed with the investigation and results and told HR she was going to contact Hill's supervisor.

31. Plaintiff contacted Defendant Hill's supervisor Beth Coleman-Drum and asked her how she was supposed to work with Hill under the circumstances. Ms. Coleman-Drum responded that it was important to her that "both of them" move forward and are comfortable. Plaintiff told Ms. Coleman-Drum that she was uncomfortable being in a closed office or traveling with Hill, as the job required, and Ms. Coleman-Drum responded, "are you not going to be able to move forward with the company now?" Plaintiff did not directly respond to this but continued working.

32. Thereafter, Defendant Hill would avoid speaking to her directly and would avoid VanderWeele if he was in her store. He refused to give her the employee Mid-year review, while he did so for all of her peers. Defendant Hill excluded Vanderweele from market information and communications that he shared with others.

33. Plaintiff VanderWeele suffered significant emotional and mental distress in the years leading up to this Complaint. She has counseled with a therapist, has gone on medications for both anxiety and depression, and between January and April of 2023 had to increase her treatments.

34. When it was clear that nothing was being done by Defendant Apple to rectify the situation, Plaintiff began to apply and interview at other Companies. At the time she gave her two weeks' notice to the company that she was leaving because of the company's handling of the situation with Frank Hill, she became aware that Defendant Hill was being moved from the Detroit Market.

## COUNT I

## GENDER AND PREGNANCY DISCRIMINATION UNDER TITLE VII

35. Plaintiff incorporates all prior paragraphs as if set forth herein.

36. Defendants, by their conduct as aforesaid, violated 42 U.S.C. §2000(e-2a) in that Defendant Hill discriminated against Plaintiff including discriminatory and harassing comments and behavior toward Plaintiff VanderWeele and her female co-workers based on her pregnancy and gender.

37. Defendant Company, through management, was aware of the harassment by Defendant Hill.

38. The conduct of Defendant Hill was severe and pervasive.

39. The conduct and communications Defendant Hill had the purpose and effect of substantially interfering with Plaintiff's employment by creating an intimidating, hostile, or offensive employment environment and was unwelcome by Plaintiff and her female co-workers.

40. Defendant Company and Defendant Hill are liable for his actions as Defendants had actual and constructive notice of the behavior and failed to take appropriate, prompt, and remedial action to remedy the harassment.

41. Plaintiff was terminated via constructive discharge as Defendants would not effectively remedy the hostile environment in which she and her female co-workers worked.

42. As a result of the foregoing, Plaintiff lost earnings and benefits and suffered mental anguish, fear, and emotional distress for which Defendants are liable.

WHEREFORE, Plaintiff request:

(a) Award to Plaintiff of back pay, front pay, and lost benefits;

(b) Award to Plaintiff of compensatory damages for emotional and mental distress;

(c) Award to Plaintiff of exemplary/punitive damages;

(d) Award to Plaintiff of her costs, disbursements, and reasonable attorney fees; and

(e)     Award to Plaintiff such other relief as may be just and equitable.

## COUNT II

## RETALIATION UNDER TITLE VII

43.     Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

44.     Plaintiff engaged in protected activity under Title VII as she lodged a formal complaint against Defendant Hill in October of 2022 regarding the aforementioned discriminatory and harassing behavior against her and her female co-workers.

45.     Defendant Hill was aware of the complaint against him.

46.     Defendant Hill proceeded to take adverse action against Plaintiff in denying her time off, taking responsibilities away from her, excluded her from communications and management activity, ignored her, all compromising her ability to successfully perform her job as a Store Manager.

47.     There existed a causal connection between Plaintiff's protected activity and Defendant Hill's adverse actions toward her.

48.     As a result of the foregoing, Plaintiff lost earnings and benefita and suffered mental anguish, fear, and emotional distress for which Defendants are liable.

WHEREFORE, Plaintiff request:

(a)     Award to Plaintiff of back pay, front pay, and lost benefits;

(b) Award to Plaintiff of compensatory damages for emotional and mental distress;

(c) Award to Plaintiff of punitive damages;

(d) Award to Plaintiff of her costs, disbursements, and reasonable attorney fees; and

(e) Award to Plaintiff such other relief as may be just and equitable.

## COUNT III

### VIOLATION OF ELCRA – Pregnancy and Gender Discrimination

49. Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

50. Defendants have violated Mich. Comp. Laws § 37.2202(1)(d) in that it constructively terminated Plaintiff's employment and otherwise discriminated against her because of her pregnancy and/or her gender.

51. As a result of the foregoing, Plaintiff has lost earnings, bonuses, including significant stock ownership and options, and other benefits, and suffered mental anguish and emotional distress for which Defendants are liable.

52. Plaintiff has suffered irreparable harm in that she has been unlawfully terminated from her employment, and will continue to suffer such harm unless the relief requested herein is granted.

<u>Relief Sought</u>

WHEREFORE, Plaintiff requests that the Court grant her the following relief:

(a) Award Plaintiff damages equal to any salary, wages, bonuses, lost stock options, employment benefits and/or other compensation denied or lost to her by reason of violations of ELCRA by Defendants, plus interest;

(b) Award Plaintiff compensatory damages for mental anguish and emotional distress;

(c) Award Plaintiff exemplary/plaintiff damages;

(d) Award Plaintiff her costs and reasonable attorney fees;

(e) Award Plaintiff such other relief as may be just and equitable.

<u>COUNT IV</u>

<u>VIOLATION OF ELCRA – RETALIATION</u>

53. Plaintiff relies on the allegations of all prior paragraphs, as if they were restated herein.

54. Plaintiff engaged in protected activity under ELCRA as she lodged a formal complaint against Defendant Hill in October of 2022 regarding the aforementioned discriminatory and harassing behavior against her and her female co-workers.

55. Defendant Hill was aware of the complaint against him.

56. Defendant Hill proceeded to take adverse action against Plaintiff in denying her time off, taking responsibilities away from her, excluded her from communications and management activity, ignored her, all compromising her ability to successfully perform her job as a Store Manager.

57. There existed a causal connection between Plaintiff's protected activity and Defendant Hill's adverse actions toward her.

58. As a result of the foregoing, Plaintiff lost earnings and benefits and suffered mental anguish, fear, and emotional distress for which Defendants are liable.

## Relief Sought

WHEREFORE, Plaintiff request:

(a) Award Plaintiff damages equal to any salary, wages, bonuses, lost stock options, employment benefits and/or other compensation denied or lost to her by reason of violations of ELCRA by Defendants, plus interest;

(b) Award Plaintiff compensatory damages for mental anguish and emotional distress;

(c) Award Plaintiff exemplary damages;

(d) Award Plaintiff her costs and reasonable attorney fees;

(e) Award Plaintiff such other relief as may be just and equitable.

Dated: October 10, 2023            PINSKY SMITH, PC

Attorneys for Plaintiff

By  /s/ *Katherine Smith Kennedy*

Katherine Smith Kennedy

*Business Address*:

146 Monroe Center, N.W., Suite 418

Grand Rapids, MI 49503

## JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys, Pinsky Smith, PC and hereby demands a trial by jury of the entitled matter.

PINSKY SMITH, PC

Attorneys for Plaintiff

Dated: October 10, 2023          By  */s/ Katherine Smith Kennedy*

Katherine Smith Kennedy (P-54881)

146 Monroe Center St NW, Suite 418

Grand Rapids, MI 49503

(616) 451-8496